1  DAMIAN M. MOOS, Esq., SBN 240030
   damian.moos@bbklaw.com
2  DANIEL L. RICHARDS, Esq., SBN 315552
   daniel.richards@bbklaw.com
3  BEST BEST & KRIEGER LLP
   18101 Von Karman Avenue, Suite 1000
4  Irvine, CA  92612
   Telephone:  (949) 263-2600
5  Facsimile:  (949) 260-0972

6  BRICK G. POWER, Esq., Bar No. 181347
   bpower@djplaw.com
7  WM. KELLY NASH, Esq. (*Pro Hac Vice*)
   knash@djplaw.com
8  JORDAN K. CAMERON, Esq. (*Pro Hac Vice)*
   jcameron@djplaw.com
9  DURHAM, JONES & PINEGAR, PC
   3301 N. Thanksgiving Way, Suite 400
10 Lehi, UT  84043
   Telephone:  (801) 375-6600
11 Facsimile:  (801) 375-3865

12 *Attorneys for Plaintiff*
   *Kennedy Marketing Group, Inc.*
13

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17  KENNEDY MARKETING GROUP, INC., a California corporation, | Case No.  8:17-CV-01253-DOC-JCG |
| 18              Plaintiff, | Judge David O. Carter |
| 19         v. | |
| 20  IDEAL DIRECT AD GROUP, INC., a California corporation; SYSTEMS MARKETING, INC., a Kentucky corporation, doing business as AUTOSUCCESS MAGAZINE, and DOES 1 through 50, inclusive, | **PERMANENT INJUNCTION [62]** |
| 24              Defendants. | |

25

26

27

28
                                            MOTION

SLC_3822602.1
SLC_3852525.1

1    Having considered the stipulation of Plaintiff Kennedy Marketing Group,

2  LLC ("KMG") and Defendant Systems Marketing, Inc. ("**Systems**") (hereinafter

3  KMG and Systems will be jointly referred to as the "Parties") and good cause

4  appearing, the Court hereby finds and orders as following.

5                                    **Findings of Fact**

6        1.      The Court has subject matter jurisdiction over this action and personal

7  jurisdiction over the Parties to this action.

8        2.      The Court finds from the Complaint and Stipulation of the Parties:

9                a.      KMG owns and has registered federal copyrights and a

10                        trademark and owns specified trade dress as alleged in the

11                        Complaint;

12               b.      KMG asserts that Systems infringed on the copyrights,

13                        trademark and/or trade dress as alleged in the Complaint;

14               c.      KMG asserts that a substantial likelihood of success on the

15                        merits exists regarding its claims against Systems.

16               d.      KMG asserts that it will suffer immediate and irreparable injury

17                        from Systems' alleged infringement of its copyrights,

18                        trademarks and trade dress.

19               e.      KMG asserts that its trade dress includes the combination of a

20                        bi-fold and/or vertical fold brochure; with messages similar to

21                        KMG's copyrights (i.e., using copyright language such as "trade

22                        keys", "toss us the keys", etc.) and format and order similar to

23                        KMG's works, and the use of a business card and handwritten

24                        sticky note ("**KMG Trade Dress**").  KMG asserts that its trade

25                        dress (1) inherently distinctive or has become distinctive

26                        through secondary meaning; (2) there is a likelihood of

27                        confusion among consumers as to the source of the competing

28                        products; and (3) the trade dress is nonfunctional, as alleged in

1

SLC_3822602.1
SLC_3852525.1

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CA 92612

1    the Complaint.

2    **Conclusions of Law and Permanent Injunction**

3    Rather than litigate the foregoing assertions, the Parties have reached a

4    settlement pursuant to a Court ordered mediation, whereby they have stipulated that

5    KMG is entitled to a Permanent Injunction against Systems and all persons acting

6    as agents of or in concert with it, directly or indirectly,[1] pursuant to which the Court

7    concludes as follows:

8    1.    Systems is enjoined from using, disclosing and/or infringing on KMG

9    copyrights, trademarks and Trade Dress, whether federally registered or arising at

10   common law as alleged in the Complaint;

11   2.    Systems is enjoined from using the advertisement at issue in this

12   lawsuit as alleged in the Complaint;

13   3.    Systems is enjoined from using the registered trademark depicted in

14   federal U.S. trademark Registration No. 5,314,542 (i.e., including any confusingly

15   similar use of a sticky note and/or of the words "see me for a great deal" in

16   connection therewith);

17   4.    Systems is enjoined from infringing KMG Trade Dress and shall not

18   feature any message that is confusingly similar to any of KMG's registered

19   trademarks or registered copyrighted works asserted in this action (i.e., including

20   any confusingly similar use of mailers and/or works alleged in the Complaint),

21   including not featuring in any non-infringing mailer or work any confusingly

22   similar business card and/or handwritten sticky note.  However, Systems will not be

23   found to infringe on KMG's trade dress by creating mailers or works featuring:  a

24   non-bi-fold or vertical fold mailer brochure; using photo(s) of vehicle(s); using

25   whatever quality of paper and printing; and using entirely different messages,

26   slogans , formats or orders of text, than KMG and its proprietary works.

27

28   ---
[1] For clarity, this Permanent Injunction does not include Defendant Babcox Media, Inc.

2

SLC_3852525.1

**IT IS SO ORDERED.**

Dated:  September 6, 2018

_David O. Carter_

David O. Carter
U.S. District Judge

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CA 92612

SLC_3852525.1